LOUIS A. COQUARD, Appellant, *v.* UNION DEPOT COMPANY ET AL., Respondents.

April 19, 1881.

1. Where a wife pledges her trunk to pay the railroad fare of a child travelling under her charge, and the husband agrees to pay the fare if the trunk is forwarded, and when forwarded, replevins it, the road, the pledger, is entitled to a finding that its special interest in the trunk is the amount of the fare thus promised to be paid.

2. In such a case the husband's contract is not to pay the debt of another, and is not within the Statute of Frauds.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed.*

J. E. HEREFORD, with FISHER & ROWELL, for the appellant.

METCALFE & JONES, for the respondents.

BAKEWELL, J., delivered the opinion of the court.

This is an action of replevin, begun before a justice, for a travelling trunk and its contents. On trial anew in the Circuit Court, it appeared that Mrs. Coquard, the wife of

plaintiff, was returning to St. Louis from a visit to California. She had with her her sister's child, a girl of eight years old. Plaintiff says that his wife was bringing this child to St. Louis in opposition to his wishes. Mrs. Coquard had no ticket for the child, and between Ogden, Utah, and Omaha, the conductor asked her for the fare for the child. She had no money. The fare between these points, for children between five and twelve, is $40.05 if paid on the train, and $38.75 if the ticket is purchased. It was then arranged between the conductor and Mrs. Coquard that she should give him her baggage-check as security, and pay the fare at Omaha when she got her baggage. Accordingly, the conductor took her check and gave her a receipt stating that he had received the check to secure one-half fare ($38.75) from Ogden to Omaha. At Omaha, Mrs. Coquard was met by her husband, the plaintiff. They went together to the baggage-office of the railroad. Mrs. Coquard presented the conductor's receipt for her baggage, and Mr. Coquard stated to the baggage-master that they wanted to go to St. Louis at once; that he was not prepared with the money, but that, if they would send the trunk on to St. Louis, " C. O. D.," he would pay the amount. Mr. Coquard denies that he said in these words, which are taken from the testimony of the baggage-master, that he " would pay the amount." But he admits that he said that if they would send the trunk on to St. Louis he "would settle." There is no room for doubt as to what must have been the meaning conveyed, and which Mr. Coquard intended to convey; and the exact words are immaterial. There is no conflict of evidence as to any material point. On arriving at St. Louis, Mr. Coquard, without making any previous demand, commenced this action and obtained possession of the trunk. The court, sitting as a jury, found for defendant, and found the special interest of defendant in the property to be $38.75, for which, with one cent damages, judgment was entered.

There can be no question that, on the undisputed facts of this case, the finding is correct. It is claimed that the promise of Mr. Coquard to pay the debt, was the promise to pay the debt of another, and within the Statute of Frauds. If it be held that a wife travelling to meet her husband with his knowledge and consent, having no money to pay the railroad fare of a child under her charge, cannot make a valid pledge of her travelling trunk and its contents to secure the fare of the child travelling with her, still there is nothing to which the Statute of Frauds can apply. There is no question of paying the debt of another. Coquard, at Omaha, assented to the action of his wife in pledging the trunk for the child's fare. He recognized the debt as his debt, contracted by her for him, and assented to the pledge of the trunk for its security; and then expressly agreed that if defendant would forward the trunk to St. Louis, he would settle or pay the $38.75 for which the trunk was held. The officers of the railroad believed plaintiff, and, relying upon his word, forwarded the trunk. No reason whatever appears why plaintiff, having obtained the trunk in consequence of his affidavit in this action, should not be made to fulfil his part of the bargain and pay the fare due to the company as he promised that he would.

The judgment is affirmed. Judge LEWIS is absent; Judge THOMPSON concurs.